**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **DIAMOND CARPENTER,** ) | |
| ) | |
| **Plaintiff,** ) | **Case: 1:22-cv-05424** |
| ) | |
| **v.** ) | |
| ) | |
| **JERK TACO MAN HOLDINGS, LLC** ) | |
| **(ILLINOIS LLC)** ) | |
| ) | **Jury Trial Demanded** |
| **And** ) | |
| ) | |
| **JULIUS B. THOMAS (INDIVIDUALLY),** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

Plaintiff, Diamond Carpenter ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Jerk Taco Man Holdings, LLC and Julius B. Thomas ("Defendants"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.  This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* (the "FLSA") for Defendant's failure to pay minimum wage for all hours worked to Plaintiff and other similarly situated persons.

2.  Plaintiff's consent form to act as representative party plaintiff in this FLSA minimum wage case is attached hereto as Exhibit "A."

### JURISDICTION AND VENUE

3.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to 29 U.S.C. § 201, *et. seq.*

4.  Venue of this action properly lies in the Northern District of Illinois, Eastern

Division, pursuant to 28 U.S.C. § 1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

5.      This Court has pendent jurisdiction and supplementary jurisdiction of Count II through 28 U.S.C. § 1367.

## PARTIES

6.      At all times material to the allegations of this Complaint, Plaintiff, Diamond Carpenter, resides in Cook County in the State of Illinois.

7.      At all times material to the allegations in this Complaint, Defendant, Jerk Taco Man Holdings, LLC, is a limited liability company doing business in and for Cook County whose principal office address is 7723 S State St. Chicago, IL 60619.

8.      At all times material to the allegations in this Complaint, Defendant, Julius B. Thomas was the store owner of Jerk Taco Man Holdings, LLC and a resident of Cook County, Illinois, whose address is 20831 Oak Lane Olympia Fields, IL 60461.

## GENERAL FACTUAL ALLEGATIONS

9.      Plaintiff was employed by Defendants as a non-exempt employee on February 26, 2022.

10.      Plaintiff was Defendants' "employee" as defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(d).

11.      Defendants was Plaintiff's "employer" as defined in the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(c).

12.      Jerk Taco is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

13.     Each named Defendant, individually and as a group, is a "person" and an "employer" within the meaning of the 29 U.S.C. §203 (a) and (d) and may hereinafter be referred to jointly as the "Employer". Moreover, this same "Employer", individually or together as a group, is an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(r), and (s).

14.     Plaintiff performed a specific job which is an integral part of the business of Jerk Taco.

15.     By Plaintiff's estimates, she routinely worked 40 hours or less in a work week.

16.     In most if not all work-weeks, Plaintiff was not paid at least minimum wage for all hours worked.

17.     In other words, Defendants would not pay Plaintiff her agreed upon pay rate for all hours worked.

18.     Plaintiff made complaints to the store owner multiple times about her pay checks being inaccurate.

19.     On May 11, 2022, Plaintiff was forced to resign because of Defendants' failure to pay Plaintiff her rate of pay for all hours worked for the duration of her employment.

20.     In fact, Defendants failed to issue Plaintiff her last full paycheck.

21.     To present, Plaintiff has still not received her last paycheck, which was due in or around May 11, 2022.

22.     Upon information and belief, records concerning the number of hours worked and amounts paid to Plaintiff, to the extent they have not been destroyed by Defendant, are in Defendant's possession.

## 206(a) COLLECTIVE ACTION ALLEGATIONS

23.     Plaintiff asserts her Court I Claim under the FLSA, pursuant to 29 § 206(a) on

behalf of herself and on behalf of all similarly situated employees currently and formerly employed by Defendant.

24.     Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the following class as follows:

> **206(a) Class: All current and former non-exempt non-salaried employees of Jerk Taco Man Holdings, LLC who were not compensated at least minimum wages for all hours.**

25.     All potential 206(a) Class members are similarly situated because, among other things, they were all employees of Defendant and, upon information and belief, all suffered from the same policies of Defendant; they were not paid minimum wage for all hours worked.

## COUNT I
### Violation of the Fair Labor Standards Act – Minimum Wages
### (Plaintiff on her own behalf and on behalf of all similarly-situated employees)

26.     Plaintiff hereby re-alleges and incorporates paragraphs 1 through 25 as if set forth fully herein.

27.     This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., for their failure to pay minimum wages to Plaintiff and all other similarly situated employees for all time worked.

28.     During the course of her employment by Defendants, Plaintiff and all other similarly situated employees were not exempt from the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 206.

29.     Plaintiff and all other similarly situated employees were directed by Defendants to work, and did work, and was not paid for all hours work.

30.     Pursuant to 29 U.S.C. § 206, for all weeks during which Plaintiff and all other similarly situated employees worked they were entitled to be compensated at a rate 100% of their

regular rate of pay.

31.     Defendants did not compensate Plaintiff and all other similarly situated employees at a rate of 100% of their regular rate of pay for all hours worked in individual workweeks.

32.     Defendants' failure and refusal to pay minimum wages for all hours worked was a violation of the Fair Labor Standards Act, 29 U.S.C. § 206.

33.     Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff and other similarly situated employees minimum wage pay for all times worked.

WHEREFORE, Plaintiff, on behalf of all other similarly situated employees, pray for a judgment against Defendant as follows:

      a.  A judgment in the amount of one and one-half times Plaintiff and all other similarly situated employees' regular rate of pay for all hours worked;

      b.  Liquidated damages in an amount equal to the amount of compensation found due;

      c.  Reasonable attorneys' fees and costs incurred in filing this action; and

      d.  For such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law ("IMWL")**
**(Minimum Wage Violation)**
**(Plaintiff individually only)**

34.     Plaintiff hereby re-alleges and incorporates paragraphs 1 through 25, of this Complaint.

35.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

36. The matters set forth in this Count arise from Defendant's violation of the minimum wage compensation provisions of the IMWL, 820 ILCS 105/4(a)(1).

37. Plaintiff brings this action pursuant to 820 ILCS 105/4(a)(1). Pursuant to 820 ILCS 105/4(a)(1), for all hours during which Plaintiff worked, Plaintiff was entitled to be compensated at the minimum of $12.00 per hour .

38. Defendant violated the IMWL by refusing to compensate Plaintiff at $12.00 per hour for all hours worked.

39. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover their unpaid wages, damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

    a. A judgment in the amount of Plaintiff's regular rate of pay for all hours in which Plaintiff worked;

    b. Prejudgment interest pursuant to the formula set forth in 820 ILCS 105/12(a);

    c. Reasonable attorneys' fees and costs incurred in filing this action; and

    d. For such other and further relief as this Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 4th day of October, 2022.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**

6

2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Chad W. Eisenback*
**Chad W. Eisenback, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 331-7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*